UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROLANDO BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:08-CV-1080-G |
| CITY OF RICHARDSON, TEXAS, | ) | |
| ET AL., | ) | **ECF** |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, Rolando Burns ("Burns" or "the plaintiff"), for leave to file a first amended complaint. For the reasons discussed below, the motion is denied.

### I. BACKGROUND

Burns filed his original complaint on May 29, 2008. Plaintiffs' Motion for Leave of Court to File Plaintiff's First Amended Complaint Pursuant to FED. R. CIV. P. 15(a) ("Motion") at 1. He now seeks leave to file an amended complaint for the purpose of adding the State of Texas as a defendant. *Id.* On July 22, 2008, this court issued a scheduling order governing this case. According to that scheduling order, any

motion requesting joinder of additional parties or amendments of pleadings must have been filed by October 22, 2008. Order Establishing Schedule and Certain Pretrial Requirements ¶ 3. The instant motion was filed on April 30, 2009. Burns offers no explanation for his failure to meet the October 22, 2008 deadline.

## II.  ANALYSIS

Burns' motion states that he seeks leave to amend pursuant to Federal Rule of Civil Procedure 15(a). Motion at 1. According to the Fifth Circuit, however, "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) states that "[a] schedule may be modified only for good cause and with the judge's consent." Thus, since Burns waited until after October 22, 2008 to file his motion for leave to file an amended complaint, he must show "good cause" for the court to modify the scheduling order. "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises*, 315 F.3d at 535 (quoting 6A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)).

Burns does not explain why he did not seek leave to amend for the purpose of adding the State of Texas as a defendant on or before October 22, 2008. His motion states only that the court should allow the amendment "so that justice may be done."

Motion at 2. Thus, Burns has not met the good cause standard required by Rule 16. Further, the court agrees with the defendants' assertion that allowing this amendment would prejudice the defendants. The deadline to file dispositive motions has already passed, and the end of discovery is quickly approaching. Allowing the plaintiff to add another defendant to this case would require the defendants to conduct further discovery and likely require the court to alter its scheduling order to accommodate that further discovery. Burns has offered no reason, let alone demonstrated good cause, for the court to do so.

### III.  CONCLUSION

For the reasons discussed above, Burns' motion for leave to file a first amended complaint is **DENIED**.

**SO ORDERED**.

June 8, 2009.

*[signature: C. Joe Fish]*
A. JOE FISH
**Senior United States District Judge**